# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN RICHARDSON WOODS, (TDCJ-CID #560125) | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-14-3657 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM ON DISMISSAL

Allen Richardson Woods has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging a 1990 state conviction. He challenges a conviction in the 25th Judicial District Court of Colorado County, Texas. On August 9, 1990, the court convicted Woods of attempted murder. (Cause Number 56-90). The court sentenced Woods to twenty-six years in prison.

On April 22, 1997, Woods filed a federal petition for a writ of habeas corpus, Civil Action Number H-97-1488, collaterally attacking his 1990 conviction for attempted murder. On June 10, 1998, this court denied Woods's claims on the merits.

In the instant federal petition filed on December 22, 2014, Woods challenges the same conviction on the grounds, *inter alia,* that he received ineffective assistance of counsel, that he was denied due process of law, and that he did not enter his guilty plea voluntarily. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 6-9).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte. Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction

to consider Woods's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Woods's successive application, and therefore, this court lacks jurisdiction to consider Woods's habeas claims.[1]

Woods's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. Woods's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED.

SIGNED at Houston, Texas, on January 6, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1]When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Woods's litigation history, the court determines that Woods is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.